UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOE LEWIS SHEHAN,
    Plaintiff,

v.                              CASE NO. 3:15-cv-1315 (MPS)

WARDEN ERFE, et al.,
    Defendants.

**RULING ON PLAINTIFF'S MOTION TO STRIKE**

The plaintiff, Joe Lewis Shehan, moves, pursuant to Federal Rule of Civil Procedure 12(f), to strike the affidavit of Warden Efre submitted by defendant Champion's motion for summary judgment. For the reasons that follow, the motion is denied.

Rule 12(f) provides: "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Rule 12(f) applies only to pleadings, which include a complaint, an answer to a complaint, an answer to a counterclaim, an answer to a cross-claim, a third-party complaint, an answer to a third-party complaint, and a reply to an answer but only if ordered by the court. Fed. R. Civ. P. 7(a). The plaintiff moves to strike an affidavit. As an affidavit is not a pleading, Rule 12(f) is not applicable.

The plaintiff also argues that the defendants have violated discovery rules, Federal Rules of Civil Procedure 34 and 37, because they did not produce the order referenced in the affidavit in response to the plaintiff's discovery request. The plaintiff has attached a copy of his discovery request to this motion. He sought "Any And All Policies, Directives, or instructions to Staff Concerning the use of the Black Box on Inmates on in cell Restraints at Corrigan CI Since January 1, 2012 to Present Date." ECF No. 71-1 at 2. In response to this request, the defendants provided a copy of Administrative Directive

6.5.

The language in Warden Erfe's affidavit concerns an order barring controlled strip searches except in exigent circumstances. ECF No. 71-3, ¶ 4. The defendants state that the order was not provided during discovery because it does not relate to the use of black box restraints. The Court agrees that this order was not responsive to the production request. Thus, the defendants were not required to produce it.

Finally, the plaintiff argues that the defendants should have filed the affidavit in support of the first motion for summary judgment. The Court determined that the decision to place the plaintiff in in-cell restraints did not violate any constitutionally protected rights. Warden Erfe's order recommending this placement rather than a controlled strip search does not alter that conclusion. As the affidavit would not alter the prior determination, there is no basis to fault the defendants for not submitting the affidavit in support of the first motion for summary judgment.

The plaintiff's motion to strike **[ECF No. 71]** is **DENIED**.

**SO ORDERED.**

Signed this 5th day of May 2017 at Hartford, Connecticut.

/s/
Michael P. Shea
United States District Judge