UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOE LEWIS SHEHAN, : | |
|     Plaintiff, : | |
| : | |
| v. : | CASE NO. 3:15-cv-1315 (MPS) |
| : | |
| WARDEN ERFE, et al., : | |
|     Defendants. : | |

**RULING ON PLAINTIFF'S MOTION FOR CERTIFICATE OF APPEALABILITY**

The plaintiff, Joe Lewis Shehan, seeks certification to file an interlocutory appeal. An interlocutory appeal may be filed only if the district court certifies that the order appealed from "involves a controlling question of law as to which there is substantial ground for difference of opinion" and that "immediate appeal from that order may materially advance the ultimate determination of this litigation." 28 U.S.C. § 1292(b). The moving party must establish all three conditions. *See Casey v. Long Island R.R.*, 406 F.3d 142, 146 (2d Cir. 2005). Interlocutory appeals are strongly disfavored in federal practice. *See Bellino v. JPMorgan Chase Bank, N.A.*, No. 14-cv-3139(NSR), 2017 WL 129021, at *1-2 (S.D.N.Y. Jan. 13, 2017) (interlocutory appeal is an extraordinary procedure that should be used only in exceptional circumstances).

The plaintiff is dissatisfied with the Court's ruling. He identifies no controlling questions of law and does not show that immediate appeal would materially advance the final determination of this action in the district court. Rather, the plaintiff seeks reconsideration of the decision based on evidence he failed to submit in opposition to the motion for summary judgment. The Court concludes that an interlocutory appeal is not warranted.

The plaintiff asks the Court to reconsider its decision granting summary judgment in favor of

defendants Erfe and Martin pursuant to Rule 54(b), Fed. R. Civ. P. Rule 54(b) permits the district court to enter final judgment with regard to some defendants. The Court has not entered final judgment for these defendants. If the plaintiff is seeking reconsideration to obtain a final judgment against those defendants, his motion is untimely. Motions for reconsideration must be filed within seven days of the filing of the order or decision from which relief is sought.[1] The Court's decision granting summary judgment was filed on January 4, 2017. The plaintiff alleges that he was not aware of his argument until defendant Champion filed her motion for summary judgment. That motion was filed on February 28, 2017. Even permitting the time period for filing to commence on February 28, 2017, the plaintiff's motion for reconsideration should have been filed no later than March 7, 2017. He did not file the motion until March 28, 2017, three weeks too late.

The plaintiff's motion for certificate of appealability [**ECF No. 73**] is **DENIED**.

**SO ORDERED.**

Signed this 5th day of May 2017 at Hartford, Connecticut.

/s/
Michael P. Shea
United States District Judge

---

[1] Effective January 18, 2017, the time period was shortened from fourteen to seven days. D. Conn. L. Civ. R. 7(c). Even under the prior standard, however, the plaintiff's motion was untimely filed.